UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:03-cr-0148 SEB-KPF |
| | ) | |
| JAMES A. SPAULDING, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on November 17, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on November 14, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on April 17, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Steve DeBrota, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, Juval Scott, Office of the Indiana Federal Community Defender; and Tim Hardy, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Spaulding in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Spaulding and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Spaulding was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Spaulding would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Spaulding had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Spaulding had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on November 17, 2011.

7. Ms. Scott stated that James A. Spaulding would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Spaulding waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Spaulding, by counsel, stipulated that he committed specifications of violations numbered 1, 2 and 3 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall commit another federal, state, or local crime."**<br><br>On June 23, 2008, Mr. Spaulding was arrested and charged with Theft, Class D felony, in Marion County, Indiana, Superior Court, under cause number 49F18-0806-FD-153208. According to the case information, he made unauthorized withdrawals using his employer's company debit/credit card in the amount of $8,864.56.<br><br>On July 17, 2008, the Court was notified of the violation. On August 28, 2008, the offender's conditions of release were modified prohibiting him from using credit cards on his own or on his employer's behalf until further directed by the Court.<br><br>On March 9, 2010, Mr. Spaulding pled guilty to Theft/Receiving Stolen Property, Class D felony, in Marion County Superior Court, under 49F18-0806-FD-153208. The judgment was entered as an alternative misdemeanor sentence. He was sentenced to 365 days imprisonment, 365 days suspended, 361 days probation. Restitution was ordered in the amount of $8,939.56.<br><br>On May 20, 2010, the Court was notified of the disposition in the above state court case. On May 27, 2010, the offender's conditions of release was modified to include 12 months of location monitoring. Mr. Spaulding was also warned that any further violations of his conditions of release may result in more punitive sanctions. |
| 2 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>On May 6, 2011, Mr. Spaulding's probation was revoked in Marion County Superior Court. According to the violation petition, Mr. Spaulding provided the probation officer with fraudulent or forged documents from Flagstar Bank indicating his restitution obligation |

-3-

was satisfied, when in fact, it was confirmed by the probation officer that no payment had been made toward his financial obligation. Subsequently, Mr. Spaulding was sentenced to 361 days in jail, followed by a consecutive sentence of 180 days in jail for contempt of court. Mr. Spaulding's projected release date from incarceration is April 2012. Mr. Spaulding's actions constitute a violation of Indiana Criminal Code 35-43-5-2.

**3**     **"The defendant shall pay any restitution that is unpaid by this judgment, and that remains unpaid at the commencement of the term of supervised release."**

During the offender's term on supervision his payments toward restitution have been sporadic. Although Mr. Spaulding has been employed a majority of the time during supervision he has failed to make a good faith effort to pay an agreed amount of $50.00 per month toward restitution. The last payment received from Mr. Spaulding was on February 8, 2011. At the time of his arrest for the state probation violation, he was three months delinquent on his financial obligation. As of this date his restitution balance is $527,627.28.

The Court placed Mr. Spaulding under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Spaulding stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Spaulding has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Spaulding constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Spaulding is 6-12 months.

4) The appropriate disposition of the case would be 5 months in the custody of the Attorney General or his designee, with supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Spaulding violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Spaulding's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 5 months. Upon release from confinement, Mr. Spaulding will not be subject to supervised release.

The Magistrate Judge requests that Tim Hardy, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Spaulding stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Spaulding entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Spaulding's supervised release and imposing a sentence of imprisonment of 5 months in the custody of the Attorney General. Upon Mr. Spaulding's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 17th day of April, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Steve DeBrota,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal